[Civ. No. 63210. Second Dist., Div. Two. Oct. 5, 1981.]

MERITPLAN INSURANCE COMPANY, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
FARA WEXLER et al., Real Parties in Interest.

**COUNSEL**

Stockdale, Peckham, & Estes, David C. Werner and Paul F. Sowa for Petitioner.

No appearance for Respondent.

Sackin & Gold, Barry Gold, Good & Novack, Barry B. Novack and George Knopfler for Real Parties in Interest.

## OPINION

COMPTON, J.—In this proceeding in mandamus we review a protective order issued by the trial court, which order, inter alia, prevents one party to an action from deposing attorneys for opposing parties and subpoenaing certain records of those attorneys for use in conjunction with the taking of the deposition. We have determined that the protective order should be vacated.

The dispute has its origin in a personal injury action entitled Simmons v. Wexler, Los Angeles Superior Court No. NE C 18803. Meritplan Insurance Company, petitioner herein, insured Wexler under a general liability policy with $15,000 and $30,000 limits.

Wexler was a teacher employed by the Los Angeles Unified School District, which entity was itself insured by Central National Insurance Company. Wexler's policy with Meritplan Insurance Company contained an indorsement for an additional $25,000 coverage for activities arising out of her "business pursuits."

Meritplan took the position that that indorsement was not applicable to the facts of this case and, in any event, was "excess" to other insurance coverage. It offered to settle the case for $15,000. Meritplan advised Wexler that her potential exposure exceeded the policy limits and she engaged the services of the firm of Sackin & Gold, attorneys at law. Extensive settlement negotiations ensued. Simmons, through his attorney, Barry Novack, proposed a settlement which required Meritplan to pay $40,000. Meritplan refused.

A judgment was entered awarding Simmons $125,000 in damages against Wexler. The judgment was paid by Central National.

In the interim, Meritplan filed the present action for declaratory relief (Super. Ct. No. NEC 22474) which underlies this petition for

mandate. In that action, Meritplan sought a declaration of the extent of its coverage under the policy.

Following entry of the judgment in the personal injury action, Wexler, Simmons and Central National all filed cross-complaints in the declaratory relief action alleging a wrongful refusal to settle on the part of Meritplan.

In the course of discovery in this latter action, Meritplan noticed the depositions of Messrs. Novack, Sackin & Gold, and in conjunction therewith caused a subpoena duces tecum to issue for the records of the firm of Sackin & Gold.

Messrs. Novack, Sackin & Gold moved for, and obtained, a protective order which prevented the taking of the depositions and quashed the subpoena duces tecum.

Approximately six months later, cross-complainant Central National Insurance Company noticed the deposition of one Frank Hardin, claims representative for Meritplan. Meritplan moved for a protective order on the grounds that it was unfair and inequitable to permit the deposition of its representative without also permitting the deposition of the opposing parties' representative who had participated in the settlement negotiations.

The trial court denied Meritplan's request on the basis that "a deposition of a claims agent cannot be equated to a deposition of a lawyer." This writ proceeding followed.

We agree with the trial court that the deposing of a claims representative for an insurance company in an action for bad faith against the company, presents issues and considerations which differ markedly from an attempt to depose the attorneys for the opposing parties.

On the other hand, the underlying purpose of the entire scheme of discovery is to eliminate "gamesmanship" and the "sporting theory of litigation" from the trial of actions and to promote the ascertainment of the truth. (*Greyhound Corp.* v. *Superior Court* (1961) 56 Cal.2d 355 [15 Cal.Rptr. 90, 364 P.2d 266].) Thus, insofar as is legally permissible, trial courts should permit discovery in a manner which will promote that general objective and the parties seeking discovery must be ready

to engage in an equitable exchange of information. (*Sanders* v. *Superior Court* (1973) 34 Cal.App.3d 270 [109 Cal.Rptr. 770].)

We recognize, however, that in the instant case, in view of the difference in positions between the proposed deponents, the scope of discovery insofar as it pertains to deposing Meritplan's representative may be much broader than in the case of counsel for the opposing parties.

Our conclusion that the protective order as it pertains to Messrs. Novack, Sackin & Gold must be vacated is not, however, predicated simply on the basis of a "tit for tat" exchange, but on the impropriety of a blanket protective order.

■ Real parties in interest urge the doctrine of laches as the only basis for our refusing to review that protective order. We decline to apply that doctrine.

Except when a specific statute of limitations applies, which is not the case here, there is no time limit on a petition for a writ of mandate. (5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 118, p. 3895.) Delay per se does not constitute laches. In the case before us the delay was not unreasonable and real parties in interest have shown no prejudice therefrom.

■ The protective order under consideration contains no statement of the basis upon which it was issued. It appears from the discussion in open court that the trial court felt that the use of interrogatories was an adequate method for obtaining the desired information. Implicit in this notion is the concession that the prospective deponents may possess relevant and discoverable information.

It seems evident to us that in a case of alleged bad faith refusal to settle, the circumstances and content of the various negotiations and communications between the involved individuals are clearly relevant and that the use of interrogatories is infinitely more time consuming and a poor substitute for deposing what are in fact percipient witnesses to critical events.

Answers given by a witness to particular questions often suggest additional questions or another line of inquiry. In the deposition process, these additional questions can immediately be posed or the other line of

inquiry pursued on the spot. Such is not the case with interrogatories unless the questioner who prepares the interrogatories possesses a prescience or an ability to anticipate answers which is seldom possessed by mere mortals.

Real parties in interest's defense of the protective order is supported by nothing more than their *ipse dixit* statements that they possess no relevant information and the claim that any possible questions which may be asked would be within the attorney-client or work product privileges.

We can conceive of many relevant questions which would not violate the privilege. In any event there is adequate procedure available by which real parties in interest may urge irrelevancy and privilege. It was therefore an abuse of discretion for the trial court to completely frustrate Meritplan's attempt to depose these witnesses. (*McClatchy Newspapers* v. *Superior Court* (1945) 26 Cal.2d 386 [159 P.2d 944].)

The trial court was in no position to determine in advance of the depositions the existence of privilege or the relevancy of the questions to be asked. Needless to say, the single fact that the proposed deponents are lawyers rather than lay witnesses provides no basis per se for preventing the taking of their depositions. Yet from the record it appears that this was the only possible basis for the protective order. For this reason we conclude that it is an appropriate matter for our intervention in the discovery process. (*Oceanside Union School Dist.* v. *Superior Court* (1962) 58 Cal.2d 180 [23 Cal.Rptr. 375, 373 P.2d 439].)

Real parties in interest urge that there were defects in the notice and subpoena duces tecum. They admit, however, and we agree, that those are matters which can be corrected once the trial court lifts the protective order.

Let a peremptory writ of mandate issue directing the trial court to vacate its protective order of December 23, 1980.

Roth, P. J., and Beach, J., concurred.